Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALESIA MILANESI, *et al.*,                                          :
                                                                    : 07 CV 7248 (TPG)
                                               Plaintiffs,          :
                                                                    : **STATEMENT OF**
              -against-                                             : **MATERIAL FACTS**
                                                                    : **PURSUANT TO**
THE REPUBLIC OF ARGENTINA,                                          : **LOCAL RULE 56.1**
                                                                    :
                                               Defendant.           :
------------------------------------------------------------------- x

Pursuant to Local Rule 56.1, plaintiffs submit the following Statement of Material Facts as to which there is no genuine issue to be tried:

1. Plaintiffs acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continue to own them. *See* the accompanying declarations of Luciana Ceredi, dated November 30, 2007 (the "Ceredi Dec.") at ¶ 3; Alesia Milanesi, dated November 30, 2007 (the "Milanesi Dec.") at ¶ 3; Peng Zeying, dated November 30, 2007 (the "Zeying Dec.") at ¶ 3; Raul Alejandro Gonzales, dated November 30, 2007 (the "Gonzales Dec.") at ¶ 3; Carlos Gustavo Ferreira, dated November 30, 2007 (the "Ferreira Dec.") at ¶ 3; Jose Emilio Cartana, dated November 30, 2007 (the "Cartana Dec.") at ¶ 3; and Raul Horacio Mendez, dated December 18, 2007 (the "Mendez Dec.") at ¶ 3. These declarations and the accompanying exhibits establish the following:

- Plaintiffs Luciana Ceredi's and Luciano Milanesi's (together, "Ceredi") current ownership of Bonds issued by Argentina pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") in the aggregated principal amount of $50,000 having the ISIN No. US040114FC91 and CUSIP No. 040114FC9.

- Plaintiff Alesia Milanesi's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $10,000 having the ISIN No. US040114FC91 and CUSIP No. 040114FC9.

- Plaintiffs Peng Zeying's and Woon Cheung Leung's (together "Zeying") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $375,000 having the ISIN No. US040114AZ32 and CUSIP No. 040114AZ3.

- Plaintiff Raul Alejandro Gonzalez Martin's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $108,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiff Carlos Gustavo Ferreira's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $11,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1; (ii) $6,000 having the ISIN No. US040114AV28 and CUSIP No. 040114AV2; and (iii) $21,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiff Jose Emilio Cartana's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $355,485 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiffs Raul Horacio Mendez's and Maria Mercedez Mendez Ferro's (together "Mendez") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $358,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1; (ii) $60,000 having the ISIN No. US040114BE93 and CUSIP No. 040114BE9; and (iii) $130,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

A. **The Bonds**

2. Argentina issued the Bonds pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "FAA") (a copy of the FAA is annexed to the Complaint as Exhibit

2

A); among others.

3. In the agreement, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) the agreement and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl., Ex. A at §§ 22, 23.

4. Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl., Ex. A § 12.

5. Section 12 of the 1994 FAA further provides that following either of the foregoing events of default, a note holder, such as plaintiffs herein, may give Argentina written notice and declare the principal amount of such Securities held by them to be due and payable immediately. *See* Compl., Ex. A at § 12.

B. **Argentina's Default On The Bonds**

6. On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due plaintiffs. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The*

*Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina,* No.02 Civ 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision").

7. Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

8. In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the 1994 FAA. Ans. at ¶ 19.[1]

9. This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes events of default. *See Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and FAA, among others); *Mazzini* Decision *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional

---

[1] A true and correct copy of the Answer to the Complaint, dated October 15, 2007 (the "Answer" or "Ans.") is annexed to the Alter Dec. as Exhibit 2.

after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds). *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM Ltd.'s unconditional legal right to collect on the bonds").

By reason of Argentina's default, and in accordance with Section 12 of the FAA, by letters dated August 13, 2007, plaintiffs provided Argentina with written notice that they were declaring the principal and interest on the Bonds issued pursuant to the 1994 FAA to be due and payable. *See* Compl. at ¶ 18; *see also* Ceredi Dec. at ¶ 8; Milanesi Dec. at ¶ 8; Zeying Dec. at ¶ 8; Gonzales Dec. at ¶ 8; Ferreira Dec. at ¶ 8; Cartana Dec. at ¶ 8; and Mendez Dec. at ¶ 8.

Dated: New York, New York
January 17, 2008

DREIER LLP

By: _____
Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*