Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x
                                                        :
    ALESIA MILANESI, *et al.*,                          :
                                                        :        07 Civ. 7248(TPG)
                                    Plaintiffs,         :
                                                        :
                        -against-                       :
                                                        :
    THE REPUBLIC OF ARGENTINA,                          :
                                                        :
                                    Defendant.          :
                                                        :
------------------------------------------------------------------------- x


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE DEFENDANT'S REQUESTS FOR DISCOVERY

# TABLE OF CONTENTS

**Page(s)**

Preliminary Statement.................................................................................................1

The Undisputed Facts ................................................................................................3

    A.    The Bonds .........................................................................................3

    B.    Argentina's Default On The Bonds ........................................................3

    C.    Plaintiffs' Proof of Ownership..............................................................5

    D.    Concurrent Litigations Involving Argentina's Debt .................................6

Argument ...............................................................................................................8

    POINT I

        PLAINTIFFS SHOULD BE
        AWARDED SUMMARY JUDGMENT ................................................8

        A.    Plaintiffs Have Established Their Entitlement
                To Summary Judgment..............................................................10

        B.    Argentina's Affirmative Defenses Are Without Merit ..............................11

            1.    The Failure To State A Claim Defense..........................12

            2.    The Champerty Defense .............................................12

            3.    The "Unclean Hands" Defense .....................................13

            4.    The Statute of Limitations Defense ...............................13

    POINT II

        ARGENTINA'S DISCOVERY REQUESTS
        SHOULD BE STRICKEN.............................................................14

Conclusion ............................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*518 East 80th Street Co., LLC v. Smith,*
    251 A.D.2d 215, 674 N.Y.S.2d 680 (1st Dep't 1998) ..................................................... 13

*Allan Applestein TTEE FBO D.C.A. Grantor Trust v. The Republic of Argentina,*
    No. 02 Civ. 4124 (TPG), 2003 WL 22743762 (S.D.N.Y. Nov. 22, 2003) ............... *passim*

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ......................................................................................................... 8

*Aniero Concrete Co., Inc. v. New York City Constr. Auth.,*
    No. 94 Civ. 3506, 2000 WL 863208 (S.D.N.Y. June 27, 2000) ...................................... 13

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California,*
    118 S. 553, 522 U.S. 192 (1997) ................................................................................... 13

*Beck v. Levering,*
    947 F.2d 639 (2d Cir. 1991), *cert. denied*, 504 U.S. 909 (1992) ............................... 10 n.6

*Benjamin v. Coughlin,*
    643 F. Supp. 351 (S.D.N.Y. 1986) ............................................................................. 10 n.6

*Branch v. Sony Music Entm't, Inc.,*
    No. 97 Civ. 9238 (TPG), 2001 WL 228108 (S.D.N.Y. Mar. 8, 2001),
    *aff'd*, 2002 WL 992289 (2d Cir. 2002) ............................................................................ 8

*Celotex Corp. v. Cartett,*
    477 U.S. 317 (1986) ................................................................................................... 8, 8-9

*Cilli v. The Republic of Argentina,*
    04 Civ. 6594 (TPG) (S.D.N.Y. Mar. 20, 2006) .............................................................. 7

*Combustion Eng'g, Inc. v. Imetal,*
    158 F. Supp.2d 327 (S.D.N.Y. 2001), *aff'd in part, vacated in part,*
    2002 WL 1333624 (2d Cir. 2002) ................................................................................. 9

*Dvoskin v. Prinz,*
    205 A.D.2d 661, 613 N.Y.S.2d 654 (2d Dep't 1994) ..................................................... 9

*Ediciones Quiroga, S.L., v. Fall River Music, Inc.,*
    1995 WL 366287 (S.D.N.Y. June 20, 1995) ................................................................ 13

*EM Ltd. v. The Republic of Argentina,*
    No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003)............... *passim*

*Gelb v. Royal Globe Ins. Co.,*
    798 F.2d 38 (2d Cir. 1986), *cert. denied*, 480 U.S. 948 (1987)................................. 10 n.6

*Int'l Bus. Machs., Corp. v. Burlington Air Express, Inc.,*
    No. 98 Civ. 2503 (TPG), 2000 WL 890196 (S.D.N.Y. July 5, 2000) ............................... 9

*In re Ivan Boesky Sec. Litig.,*
    848 F. Supp. 1119 (S.D.N.Y. 1994)........................................................................... 10 n.6

*LeBlanc-Sternberg v. Fletcher,*
    67 F.3d 412 (2d Cir. 1995), *cert. denied*, 518 U.S. 1017 (1996).......................... 10, 10 n.6

*Lightwater Corp. Ltd. v. The Republic of Argentina,*
    No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG),
    2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) .......................................................... *passim*

*Mazoral v. The Republic of Argentina,*
    No. 04 Civ. 3313 (TPG), Slip Op. (S.D.N.Y. May 4, 2006) .................................... *passim*

*Mazzini v. The Republic of Argentina,*
    No. 03 WL 8120 (TPG), 2005 WL 743090 (S.D.N.Y. March 31, 2005)................. *passim*

*Moldes v. The Republic of Argentina,*
    No. 04 Civ. 6137 (TPG), Slip Op. (S.D.N.Y. May 4, 2006) .................................... *passim*

*Morata v. The Republic of Argentina,*
    No. 04 Civ. 3314 (TPG) Slip Op. (S.D.N.Y. May 9, 2006) .................................... *passim*

*Omni Quartz, Ltd. v. CVS Corp.,*
    287 F.3d 61 (2d Cir. 2002)............................................................................................. 9

*Parklane Hosiery Co. v. Shore,*
    439 U.S. 322 (1979)..................................................................................................... 10

*Phoenix Acquisition Corp. v. Campcore, Inc.,*
    596 N.Y.S.2d 752 (1993)........................................................................................ 13-14

*Podell v. Citicorp Diners Club Inc.,*
    112 F.3d 98 (2d Cir. 1997)............................................................................................. 8

*Prima v. The Republic of Argentina,*
    No. 04 Civ. 1077 (TPG), Slip Op. (S.D.N.Y. May 4, 2006) .................................... *passim*

*Quarles v. Gen. Motors Corp.,*
   758 F.2d 839 (2d Cir. 1985)......................................................................... 8

*Rexnord Holdings, Inc. v. Bidermann,*
   21 F.3d 522 (2d Cir. 1994)........................................................................... 12

*Sauco v. The Republic of Argentina,*
   05 Civ. 3955 (TPG) Slip Op. (S.D.N.Y. May 15, 2006) ......................................... *passim*

*Slattery v. Swiss Reinsurance Am. Corp.,*
   248 F.3d 87 (2d Cir.), *cert. denied*, 534 U.S. 951 (2001)................................. 8

*Sterling Nat'l Bank & Trust Co. of New York v. Fid. Mortgage Invs.,*
   510 F.2d 870 (2d Cir. 1975).......................................................................... 9

*Tri-Ex. Enter. v. Morgan Guar. Trust Co.,*
   596 F. Supp. 1 (S.D.N.Y. 1982)..................................................................... 10

*Valley Nat'l Bank v. Greenwich Ins. Co.,*
   254 F. Supp.2d 448 (S.D.N.Y. 2003)............................................................. 9-10

*Weinstock v. Columbia Univ.,*
   224 F.3d 33 (2d Cir. 2000)........................................................................... 8

Plaintiffs respectfully submit this memorandum of law, the Statement of Material Facts pursuant to Local Rule 56.1, the declarations of Luciana Ceredi, dated November 30, 2007 (the "Ceredi Dec."); Alesia Milanesi, dated November 30, 2007 (the "Milanesi Dec."); Peng Zeying, dated November 30, 2007 (the "Zeying Dec."); Raul Alejandro Gonzales, dated November 30, 2007 (the "Gonzales Dec."); Carlos Gustavo Ferreira, dated November 30, 2007 (the "Ferreira Dec."); Jose Emilio Cartana, dated November 30, 2007 (the "Cartana Dec."); Raul Horacio Mendez, dated December 18, 2007 (the "Mendez Dec.") with annexed exhibits; and the declaration of Regina Alter, dated January 17, 2008 (the "Alter Dec.") with annexed exhibits, in support of their motions (i) for summary judgment as against defendant the Republic of Argentina ("Argentina") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 56.1; and (ii) to strike Defendant's First Request for the Production of Documents, dated October 15, 2007 (the "Requests"), pursuant to Rules 26(c), 26(d) and 34(b) of the FRCP.[1]

## Preliminary Statement

The following undisputed facts establish that plaintiffs are entitled to summary judgment:

- Plaintiffs purchased certain bonds that were issued by Argentina (the "Bonds");

- The obligations of Argentina with respect to the Bonds are "unconditional." *See Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept.

---

[1] True and correct copies of the Complaint, dated August 14, 2007 (the "Complaint" or "Compl."), the Answer to the Complaint, dated October 15, 2007 (the "Answer" or "Ans."), the Requests and Plaintiff's Responses and Objections to Defendant's First Request for the Production of Documents, dated October 19, 2007, are annexed to the Alter Dec. as Exhibits 1, 2, 3 and 4, respectively.

12, 2003) (the "*EM Ltd.* Decision"); *Mazzini v. The Republic of Argentina*, No. 03 WL 743090 (TPG), 2005 WL 743090, at *3 (S.D.N.Y. March 31, 2005) (the "*Mazzini* Decision"); *Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, No. 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *see also Allan Applestein TTEE FBO D.C.A. Grantor Trust v. The Republic of Argentina*, No. 02 Civ. 4124 (TPG), 2003 WL2274762, at *2 (S.D.N.Y. Nov. 22, 2003) (the "*DCA* Decision");[2]

- Argentina defaulted on its obligations with respect to the Bonds. *See Lightwater* Decision at *2, 4; *see also EM Ltd.* Decision at *2; and

- This Court has jurisdiction to grant plaintiffs summary judgment.

In addition, at a March 28, 2006 hearing, the Court directed that for purposes of summary judgment, plaintiffs need only produce current statements or similar documents (the "March 28th Order").[3] *See* March 28th Tr. at 9:20-21, 16:15-23, 17:12-15, 25:15-20.

Pursuant to the March 28th Order, annexed to the plaintiffs' declarations are documents demonstrating their current ownership of the Bonds. Notwithstanding the foregoing, in the Requests, Argentina seeks the production of documents that far exceed those documents the Court held necessary to demonstrate plaintiffs' beneficial ownership.

Accordingly and as more amply demonstrated below, there are no genuine triable issues of fact, and the unimpeachable documentary evidence establishes that plaintiffs are

---

[2]    True and correct copies of the *Lightwater* Decision, *EM Ltd.* Decision, *Mazzini* Decision, *Mazoral* Decision, *Moldes* Decision, *Prima* Decision, *Morata* Decision, *Sauco* Decision and *DCA* Decision are annexed to the Alter Dec. as Exhibits 5, 6, 7, 8, 9, 10, 11, 12 and 13, respectively.

[3]    A true and correct copy of the *Cilli v. The Republic of Argentina*, 04 Civ. 6594 (TPG), Hr'g Tr., March 28, 2006 (the "March 28th Tr."), is attached to the Alter Dec. as Exhibit 14.

2

entitled to summary judgment and the Requests should be stricken.

## The Undisputed Facts

### A.    The Bonds

Argentina issued the Bonds pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") and the exhibits annexed thereto, among others.[4]

In that agreement, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that each of the agreements and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl. Ex. A §§ 22 & 23.

Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl., Ex. A § 12.

Section 12 of the 1994 FAA further provides that following either of the foregoing events of default, a note holder, *i.e.*, plaintiffs herein, may give Argentina written notice and declare the principal amount of such Securities held by them to be due and payable immediately. *See* Compl., Ex. A § 12.

### B.    Argentina's Default On The Bonds

On December 24, 2001, Argentina defaulted on the Bonds when it "declared a moratorium on payments of principal and interest on [its] external debt," including all payments due plaintiffs. *Mazoral* Decision at 2; *Moldes* Decision at 2; *Prima* Decision at 2; *Morata* Decision at 2; *Sauco* Decision at 2; *Lightwater* Decision at *2. Since declaring the moratorium,

---

[4]    A true and correct copy of the 1994 FAA is annexed as Exhibit A to the Complaint.

Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.  In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the 1994 FAA. Ans. at ¶ 19.

This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes an event of default. *See Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Mazzini* Decision at *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds).  *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM Ltd.'s unconditional legal right to collect on the bonds").

By reason of Argentina's default, and in accordance with Section 12 of the 1994 FAA, by letters dated August 13, 2007, plaintiffs provided Argentina with written notice that they were declaring the principal and interest on the Bonds issued pursuant to the 1994 FAA to be due and payable. *See* Compl. at ¶ 18; *see also* Ceredi Dec. at ¶ 8; Milanesi Dec. at ¶ 8;

4

Zeying Dec. at ¶ 8; Gonzales Dec. at ¶ 8; Ferreira Dec. at ¶ 8; Cartana Dec. at ¶ 8; and Mendez Dec. at ¶ 8.

## C.    Plaintiffs' Proof of Ownership

In the March 28th Order, this Court addressed the issue of bondholders' proof of ownership, among other things.  The Court directed that in order to demonstrate ownership bondholders need to submit a declaration attesting to their ownership of the Bonds together with a copy of a current account statement (or similar document).

Accompanying this brief, plaintiffs submit their declarations with annexed exhibits, demonstrating plaintiffs' current ownership of the Bonds:

- Plaintiff Ceredi submits her declaration with the following annexed exhibit: a November 16, 2007 account statement from Cassa dei Risparmi di Forli e della Romagna in the name of plaintiff Ceredi (with a true and accurate translation thereof), demonstrating Ceredi's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $50,000 having the ISIN No. US040114FC91 and CUSIP No. 040114FC9.

- Plaintiff Milanesi submits her declaration with the following annexed exhibit: a November 16, 2007 account statement from Cassa dei Risparmi di Forli e della Romagna in the name of plaintiff Milanesi (with a true and accurate translation thereof), demonstrating Milanesi's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $10,000 having the ISIN No. US040114FC91 and CUSIP No. 040114FC9.

- Plaintiff Zeying submits her declaration with the following annexed exhibit: a September 30, 2007 account statement from Citicorp Financial Services Corp., in the name of plaintiff Zeying, demonstrating Zeying's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $375,000 having the ISIN No. US040114AZ32 and CUSIP No. 040114AZ3.

- Plaintiff Martin submits his declaration with the following annexed exhibit: a October 31, 2007 account statement from Citi Smith Barney in the name of plaintiff Martin, demonstrating Martin's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in

the aggregated principal amount of $108,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiff Ferreira submits his declaration with the following annexed exhibits: November 19, 2007 certificates from Caja de Valores in the name of plaintiff Ferreira (with a true and accurate translation thereof), demonstrating Ferreira's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $11,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1; (ii) $6,000 having the ISIN No. US040114AV28 and CUSIP No. 040114AV2; and (iii) $21,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiff Cartana submits his declaration with the following annexed exhibit: an October 31, 2007 account statement from Citi Smith Barney in the name of plaintiff Cartana, demonstrating Cartana's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $355,485 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiff Mendez submits his declaration with the following annexed exhibit: a December 13, 2007 certificate from Caja de Valores in the name of plaintiff Mendez, demonstrating Mendez's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $358,000 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1; (ii) $60,000 having the ISIN No. US040114BE93 and CUSIP No. 040114BE9; and (iii) $130,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

These documents indisputably demonstrate plaintiffs' continued ownership of the Bonds.

**D.    Concurrent Litigations Involving Argentina's Debt**

In related cases, this Court has granted summary judgment to holders of Argentine bonds for the principal amounts of their bonds plus accrued interest. *See Mazoral* Decision at 16; *Moldes* Decision at 22; *Prima* Decision at 96; *Morata* Decision at 121; *Sauco* Decision at 15; *Mazzini* Decision at *3; *Lightwater* Decision at *6; *EM Ltd.* Decision at * 2; *DCA* Decision at * 2. This Court concluded that Argentina "defaulted on the bonds when it ceased to pay the interest." *Lightwater* Decision at *4. Accordingly, Argentina "now owes the

three plaintiffs principal and accrued interest." *Lightwater* Decision at \*4; *see also EM Ltd.* Decision at \*2. Most recently, the Court ruled that the plaintiffs in the *Mazoral*, *Moldes*, *Prima*, *Morata, Sauco* and *Mazzini* actions are each entitled to summary judgment.[5] *See Mazzini* Decision at \*4; March 5th Tr. at pp. 16 and 33.

   In granting plaintiffs summary judgment, the Court rejected each of the defenses asserted by Argentina, including: (i) champerty (as defined by N.Y. Jud. L. § 489 (McKinney 2003)); (ii) the Act of State Doctrine; (iii) abuse of rights; and (iv) lack of standing. The Court denied Argentina's contention that with additional discovery it might possibly develop a set of facts showing that the Bonds were purchased primarily for the purpose of commencing a lawsuit in order to support a champerty defense. *Lightwater* Decision at \*4-5; *Mazzini* Decision at \*3-\*4; *see also EM Ltd.* Decision at \*2. In addition, the Court rejected Argentina's abuse of rights defense, and Argentina conceded that the Act of State Doctrine was not a defense to plaintiffs' claims. *Lightwater* Decision at \*5. Moreover, the Court first rejected and later recognized Argentina's waiver of the affirmative defense that plaintiff bondholders lack capacity to sue, provided the Court determines that plaintiffs, in fact, are beneficial holders. *See* March 28th Tr.; *Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at 119; *Sauco* Decision at 14.

   Thus, as this Court has already concluded, bondholders, such as plaintiffs herein, are entitled to summary judgment. There are no genuine issues of material fact with respect to Argentina's default. Nor, as this Court has already determined, are there any valid defenses. Accordingly, summary judgment is warranted.

---

[5] A true and correct copy of the transcript from March 5, 2004 hearing before the Court is annexed to the Alter Dec. as Exhibit 15 ("March 5[th] Tr.").

**Argument**

**POINT I**

**PLAINTIFFS SHOULD BE AWARDED SUMMARY JUDGMENT**

The standards for summary judgment are well known to this Court and need not be repeated here at length. "Summary judgment is appropriate when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir.), *cert. denied*, 534 U.S. 951 (2001); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 40 (2d Cir. 2000); *Branch v. Sony Music Entm't, Inc.*, No. 97 Civ. 9238 (TPG), 2001 WL 228108, at *2 (S.D.N.Y. Mar. 8, 2001), *aff'd*, 2002 WL 992289 (2d Cir. 2002).

The Supreme Court has held summary judgment to be proper even if there are disputes of material fact, when the evidence offered in opposition to the motion does not create a "genuine issue" of fact requiring trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Thus, the party opposing summary judgment may not rely on mere allegations to create the existence of genuine issues of material fact. Summary judgment is to be denied only if there is a proffer of some evidence that actually puts a material fact in genuine dispute. *Celotex Corp. v. Cartett*, 477 U.S. 317, 321 (1986); *see also Podell v. Citicorp Diners Club Inc.,* 112 F.3d 98, 101 (2d Cir. 1997) (a party will not survive a motion for summary judgment by merely offering conclusory allegations or denials, "but must bring forward 'some affirmative indication that his version of relevant events is not fanciful'") (citations omitted); *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985); *Branch*, 2001 WL 228108, at *2 ("A litigant may not defeat a motion for summary judgment solely through unsupported assertions or conjecture") (internal quotations omitted). In this regard, summary judgment is "an integral part of the Federal Rules

as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 317, 327 (1986) (citing Fed. R. Civ. P. 1).

Summary judgment is particularly appropriate where, as here, the issue before the Court is the interpretation of an unambiguous contract. *See Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment"); *Combustion Eng'g, Inc. v. Imetal*, 158 F. Supp.2d 327, 331 (S.D.N.Y. 2001) ("Summary judgment is appropriate in a breach of contract action where the language of the contract is unambiguous, and reasonable persons could not differ as to its meaning"), *aff'd in part, vacated in part*, 2002 WL 1333624 (2d Cir. 2002). As this Court has held, "[i]t is a basic principle of contract law that absent fraud, bad faith, gross mistake, or public policy considerations, contractual terms that are clear and unambiguous should be enforced." *Int'l Bus. Machs. Corp. v. Burlington Air Express, Inc.*, No. 98 Civ. 2503 (TPG), 2000 WL 890196 (S.D.N.Y. July 5, 2000).

Furthermore, under New York law, the holder of a debt instrument establishes a *prima facie* entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default. *See Dvoskin v. Prinz*, 205 A.D.2d 661, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her *prima facie* entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon"); *see also Sterling Nat'l Bank & Trust Co. of New York v. Fid. Mortgage Invs.*, 510 F.2d 870, 874-75 (2d Cir. 1975) (affirming summary judgment for creditor on note where existence of obligation and non-payment were undisputed); *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp.2d 448, 450 (S.D.N.Y. 2003)

("In cases involving notes and guaranties, the Court has held that a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreement at issue and nonpayment thereunder") (internal quotations omitted).

## A.    Plaintiffs Have Established Their Entitlement To Summary Judgment

This Court has already granted summary judgment in the *Lightwater*, *EM Ltd.*, *Mazzini, Mazoral, Moldes, Prima, Morata* and *Sauco* matters, among many others – actions addressing identical issues and involving the same defendant herein. Accordingly, plaintiffs are entitled to the application of offensive collateral estoppel in order to foreclose Argentina "from relitigating an issue that [it has] litigated unsuccessfully in another action." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 433-34 (2d Cir. 1995) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)), *cert. denied*, 518 U.S. 1017 (1996); *see also Tri-Ex. Enter. v. Morgan Guar. Trust Co.*, 596 F. Supp. 1, 7 (S.D.N.Y. 1982) ("It is undisputed that a litigant who was not a party to the first action may assert collateral estoppel offensively in a subsequent proceeding against the party who lost the decided issue in the prior case").[6]

---

[6]    The Second Circuit established a four-part test to determine if the doctrine of collateral estoppel applies:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986), *cert. denied*, 480 U.S. 948 (1987); *see also LeBlanc-Sternberg*, 67 F.3d at 434 (jury determination that village had violated the Fair Housing Act has collateral estoppel effect in equitable suit brought by the government seeking injunctive relief under the Act); *Beck v. Levering,* 947 F.2d 639, 642 (2d Cir. 1991) (affirming application of the offensive collateral estoppel doctrine), *cert. denied*, 504 U.S. 909 (1992); *Benjamin v. Coughlin*, 643 F. Supp. 351, 357 (S.D.N.Y. 1986) (applying the doctrine of offensive collateral estoppel where the issues presented were identical to those previously litigated in state court); *In re Ivan Boesky Sec. Litig.*, 848 F. Supp. 1119, 1124 (S.D.N.Y. 1994) (concluding that the doctrine of collateral estoppel may be used offensively to preclude defendant from relitigating issues previously litigated and resolved). It cannot be disputed that Argentina was given a full and fair opportunity to litigate the issue of whether or not it is in default on its debt under the terms of the 1994 FAA, and this Court has ruled that it is. *See Lightwater* Decision at *1; *EML Ltd.* Decision at *2. That prior determination fully supports judgment on the merits here.

However, even if this Court was willing to permit Argentina to relitigate, summary judgment is nevertheless plainly warranted. Indeed, plaintiffs have proven both of the elements of their *prima facie* case for summary judgment. Argentina cannot credibly dispute that each of the applicable agreements gives rise to binding obligations to pay plaintiffs in accordance with the provisions thereof. Nor can Argentina deny that it is in default. *See Lightwater* Decision at *1; and *EM Ltd.* Decision at *2. Indeed, as set forth above, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the 1994 FAA. Ans. at ¶ 19. Furthermore, plaintiffs' declarations and annexed exhibits indisputably demonstrate their current ownership of the Bonds. Accordingly, plaintiffs have proven both of the elements of their *prima facie* case for summary judgment.

**B.    <u>Argentina's Affirmative Defenses Are Without Merit</u>**

Argentina asserts the following affirmative defenses: (i) failure to state a claim; (ii) the Act of State Doctrine; (iii) "plaintiffs are not acting in good faith in commencing and prosecuting this action" and, therefore, "are barred from enforcing any rights it may otherwise have;" (iv) unclean hands; (v) the doctrine of abuse of rights; (vi) champerty; (vii) lack of standing and/or capacity to sue; and (viii) statute of limitations. However, as Argentina concedes, its Second and Fifth Affirmative Defenses fail, because those affirmative defenses have already been rejected by this Court. *See* Ans. at p. 4 n.1; *see also Lightwater* Decision at *5-6 (overruling Argentina's affirmative defenses of international comity, the act of state doctrine and abuse of rights); *EM Ltd.* Decision at *4 (same). Furthermore, the Court recognized that Argentina agreed to waive the affirmative defense that plaintiff bondholders lack capacity to sue, provided the Court determines that plaintiffs, in fact, are beneficial holders. *See* March 28th Tr.; *Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at

119; *Sauco* Decision at 14. None of Argentina's remaining defenses shield it from liability either.

### 1.    The Failure To State A Claim Defense

Argentina's First Affirmative Defense for failure to state a claim is unavailing. Certainly, plaintiffs have alleged all the requisite elements under New York law for a claim of breach of contract, including the existence of the contract, their own performance, Argentina's breach and damages. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994).

### 2.    The Champerty Defense

The champerty defense in Section 489 of the Judiciary Law has similarly been rejected by this Court. Indeed, there is nothing in the record to suggest that plaintiffs purchased their Bonds for anything other than a normal investment purpose. In *Lightwater*, this Court concluded that "where a bond is purchased with the intent to collect on that bond, the statute is not violated even though there is also an intention to collect by lawsuit if necessary." *Lightwater* Decision at *4; *see also EM Ltd.* Decision at *3. Most recently, this defense and the request to seek discovery with respect to this defense were rejected in the *Mazzini* Action. *See Mazzini* Decision at * 3-4; March 5th Tr. at pp. 32-34; *see also Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at 121; *Sauco* Decision at 15.[7] Here, the facts are no different than in those cases where the Court rejected the champerty defense. Accordingly, here too, the defense is meritless.

### 3.    The "Unclean Hands" Defense

---

[7]    Argentina's defense of lack of good faith is no more than a restatement of the champerty defense and is therefore equally without merit.

In addition, Argentina's defense of "unclean hands" also fails as a matter of law, because it is not available in an action seeking money damages. *See, e.g., Aniero Concrete Co., Inc. v. New York City Constr. Auth.*, No. 94 Civ. 3506, 2000 WL 863208, at *10 (S.D.N.Y. June 27, 2000) ("unclean hands is an 'equitable defense to equitable claims,' not to actions at law which seek money damages") (citations omitted); *518 East 80th Street Co., LLC v. Smith*, 251 A.D.2d 215, 216, 674 N.Y.S.2d 680, 681 (1st Dep't 1998) (tenant's affirmative defense of unclean hands, based on allegations of breach of lease and the landlord's stated desire to evict, was an equitable one that could not be asserted against the landlord's causes of action for rent arrears and legal fees). This defense must also be rejected as a matter of fact, because under the unambiguous terms of the 1994 FAA, plaintiffs are entitled to payments of principal and interest that are due and payable.

### 4.    The Statute of Limitations Defense

Argentina also asserts a statute of limitations defense. This defense too is meritless.

Pursuant to the 1994 FAA, the statute of limitations on claims against Argentina for missed interest payments is five years. *See* Compl. Ex. A. As set forth above, Argentina defaulted on the Bonds issued pursuant to the 1994 FAA on December 24, 2001. The statute of limitations on those Bonds would have begun to run as of the first missed payment by Argentina following the December 2001 default. Each missed payment represents an independent cause of action against Argentina. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 118 S. 553, 522 U.S. 192, 210 (1997); *see also Ediciones Quiroga, S.L., v. Fall River Music, Inc.*, 1995 WL 366287, at *1 (S.D.N.Y. June 20, 1995); *Phoenix Acquisition Corp. v. Campcore, Inc.*, 596 N.Y.S.2d 752, 753 (1993). Since the Complaint in this action was

filed on August 14, 2007, only claims based on interest payments under the 1994 FAA that were due prior to August 14, 2002 may be barred by the applicable statute of limitations.

As to the Bonds: (i) ISIN No. US040114AR16, (ii) ISIN No. US040114FC91, (iii) ISIN No. US040114AZ32, and (iv) ISIN No. US040114GF14, although the interest payments that were due on January 30, 2002, March 15, 2002, April 6, 2002 and June 19, 2002, respectively appear to be barred by the five-year statute of limitations, Plaintiffs' claims with respect to the subsequent interest payments on these Bonds, which represent independent causes of action against Argentina, survive.

Accordingly, Argentina's defense of statute of limitations does not bar Plaintiffs' claims against Argentina in their entirety.

**POINT II**

**<u>ARGENTINA'S DISCOVERY REQUESTS SHOULD BE STRICKEN</u>**

As the foregoing illustrates, Argentina's Requests should be stricken pursuant to Rules 26(c), 26(d) and 34(b) of the Federal Rules of Civil Procedure.  Plainly, Argentina has served the Requests to further burden plaintiffs and delay these proceedings.

As set forth above, this Court has narrowed the types of documents that plaintiffs are obligated to produce in order to demonstrate their ownership of the Bonds, which documents plaintiffs have attached to their accompanying declarations.

Notwithstanding, Argentina seeks documents in the Requests that are beyond those prescribed by the Court.  Specifically, the Requests seek the following:

> "[a]ll confirmations and account statements concerning [plaintiffs'] purchase or acquisition of Republic Bonds.  If [plaintiffs] acquired Republic Bonds at any time prior to December 2001, all confirmations and account statements establishing proof of beneficial ownership as of December 2001."

> This Request is clearly far broader than what this Court has held to be sufficient

to demonstrate plaintiffs' ownership of the Bonds. Accordingly, and for this reason alone, the Requests should be stricken.

Moreover, Argentina has offered no rationale for why such broad discovery has any relevance to the question of whether plaintiffs own the Bonds on which they have sued. Indeed, when faced with virtually identical requests in related proceedings, this Court summarily denied the requests. *See, e.g., Mazoral* Decision at 16; *Moldes* Decision at 22; *Prima* Decision at 96; *Morata* Decision at 121; *Sauco* Decision at 15; *Cilli v. The Republic of Argentina*, 04 Civ. 6594 (TPG), Slip Op. at pp. 17-18 (S.D.N.Y. March 20, 2006);[8] *Mazzini* Decision, at *3-4; *Lightwater* Decision at *4; *EM Ltd.* Decision at *2; and March 5th Tr. at pp. 30-32. Likewise here, the Requests should be stricken.

Furthermore, Argentina's discovery requests seek discovery with respect to the champerty defense. As set forth above, however, the Court repeatedly rejected that defense. Accordingly, the Court should not allow Argentina to delay these proceedings by permitting it to take the unbridled and baseless discovery it now seeks.

---

[8]     A true and correct copy of *Cilli v. The Republic of Argentina*, 04 Civ. 6594 (TPG), Slip Op. (S.D.N.Y. March 20, 2006) is annexed to the Alter Dec. as Exhibit 16.

## Conclusion

For the foregoing reasons, it is respectfully submitted that plaintiffs' motions for summary judgment and to strike defendant's discovery requests should be granted in their entirety.

Dated: New York, New York
      January 17, 2008

**DREIER LLP**

By:_____

Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

16